UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAMELA DEES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No.    3:04-CV-460-WDS |
| | ) |
| THE HOME DEPOT, INC., | ) |
| HOME DEPOT USA, INC., and | ) |
| CEDAR BUILT, USA, INC. | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel defendants Home Depot, Inc, and Home Depot USA, Inc., to produce: (1) copies of all safety cards and reports pertaining to the department where the storage shed at issue in this case was on display and offered for sale; and (2) any and all documents, records and things in writing (including electronically stored information) pertaining to the sale of the storage shed at issue. **(Doc. 56).** Plaintiff contends that David Michael Corradinni, one of the Home Depot defendants' employees, has testified in his deposition that such items are in existence, but no such items were produced by the Home Depot defendants in response to plaintiff's request for production No. 7. The Home Depot defendants have not responded to the subject motion to compel.

A review of Mr. Corradinni's deposition testimony reveals that he merely thought there *should* be safety cards/reports and a record(s) of the sale of the shed. If items responsive to request for production No. 7 are in the possession, custody or control of the Home Depot defendants, those items must be turned over. If no such items are in the possession, custody or

1

control of the Home Depot defendants then, in light of Mr. Corradini's testimony, the Home Depot defendants should state so in writing.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 56)** is **GRANTED**, in that on or before **May 18, 2005**, defendants Home Depot, Inc, and Home Depot USA, Inc., shall produce any and all responsive documents in their possession, custody or control that are responsive to plaintiff's request for production No. 7 which have not already been produced to plaintiff.  If the Home Depot defendants do not have any responsive items in their possession, custody or control then they shall submit a sworn writing to that effect to plaintiff on or before **May 18, 2005**, so as to clear up any possible confusion created by Mr. Corradinni's deposition testimony.

**IT IS SO ORDERED.**

**DATED:  May 4, 2005**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
