UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAMELA DEES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No.    3:04-CV-460-WDS |
| | ) |
| THE HOME DEPOT, INC., | ) |
| HOME DEPOT USA, INC., and | ) |
| CEDAR BUILT, USA, INC. | ) |
| | ) |
|     Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel defendant Cedar Built USA, Inc., to produce: (1) all drawings, design documents and construction documents pertaining to the shed at issue in this case, along with a copy of the material or "cut list" identified by Gary Krska during his deposition; and (2) the last known addresses and telephone numbers of Monty Luke, Norman Sauders and Kevin Sutphen, who were identified by Mr. Krska's deposition, but who were not identified in the defendant's answers to interrogatories. **(Doc. 57).** Defendant Cedar Built USA, Inc., has not responded to the subject motion.

Plaintiff's request for production No. 3 does request all photographs, diagrams, design plans and specifications of the shed at issue in this case. Mr. Krska's deposition testimony makes clear that he or the defendant Cedar Built has a cut list for the building in question, and that cut list was not produced to the plaintiff. Other responsive documents may be in existence which were also not turned over to plaintiff. According to Mr. Krska, the owner of Cedar Built, no officer or manager of Cedar Built conducted a document search in response to plaintiff's

request for production, an employee was probably assigned that task; and he, Mr. Krska, signed and affirmed Cedar Built's discovery responses without closely reading them.

Discovery fraud is a very serious matter which, pursuant to Federal Rule of Civil Procedure 37(c) can result in the entry of default judgment against the offending party, as well as lesser sanctions.  Although Mr. Krska and Cedar Built do not appear to have intentionally withheld items from plaintiff, their handling of plaintiff's discovery requests was obviously negligent, and their affirmation of their discovery responses patently false.  In addition to requiring production of all materials responsive to plaintiff's request for production No. 3 which have yet to be produced, awarding plaintiff the attorney's fees and costs expended in drafting and filing the subject motion is appropriate.  *See* **Fed.R.Civ.P. 37(a)(4) and (c).**

Plaintiff also requests that the Court compel defendant Cedar Built USA, Inc., to disclose the last know addresses and telephone numbers of Monty Luke, Norman Sauders and Kevin Sutphen, who were identified by Mr. Krska's deposition, but who were not identified in the defendant's answers to interrogatories.  Plaintiff cites interrogatory No. 7, but does not explain the relationship between that interrogatory and  Monty Luke, Norman Sauders and Kevin Sutphen.  The deposition excerpts submitted by plaintiff do not mention those individuals.  The Court simply does not have sufficient information from which to discern whether there is any basis for compelling defendant Cedar Built to disclose the addresses and telephone numbers for Monty Luke, Norman Sauders and Kevin Sutphen.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 57)** is **GRANTED IN PART AND DENIED IN PART**.  More specifically, on or before **May 18, 2005**, defendant Cedar Built USA, Inc., shall submit to plaintiff any and all documents responsive to plaintiff's request for production No. 3.  If any items mentioned by Mr. Krska's

deposition is not produced, defendant Cedar Built shall submit to plaintiff a sworn, written explanation of the situation.  Defendant Cedar Built USA, Inc., need not provide plaintiff with the last know addresses and telephone numbers of Monty Luke, Norman Sauders and Kevin Sutphen.

**IT IS FURTHER ORDERED** that on or before **May 31, 2005**, pursuant to Federal Rule of Civil Procedure 37(a)(4), defendant Cedar Built USA, Inc., shall reimburse plaintiff for the attorney's fees and costs expended in drafting and filing the subject motion.  On or before **May 18, 2005**, Plaintiff shall submit a written bill for the attorney's fees and costs expended in drafting and filing the subject motion to compel.   If Cedar Built considers the bill unreasonable, a motion contesting the bill shall be filed with the Court on or before **May 31, 2005**.

**IT IS SO ORDERED.**

**DATED:  May 4, 2005**

>  s/ Clifford J. Proud
>  **CLIFFORD J. PROUD**
>  **U. S. MAGISTRATE JUDGE**